UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

----------------------------------------------------------x

MEMORANDUM
AND ORDER
04-MD-01596 (JBW)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 0 9 2006 ★

**BROOKLYN OFFICE**

Jack B. Weinstein, Senior United States District Judge:

At the last meeting of the parties, court and special masters it appeared that this matter

was approaching an order from the court releasing money in escrow for payment of settled cases

and expenses.

The special masters shall promptly consult with each other and the parties and

recommend to the court a fee schedule providing for allocation of expenses and a reasonable

attorney's fee. The special masters shall consider a fee which shall be the lesser of the maximum

reasonable general fee schedule they recommend, the fee agreed upon between the client and the

attorney in an individual case, and the maximum amount permitted under the applicable local

state rules or statutes.

The court has the explicit power to require reasonable fees in class actions. *See* Fed. R.

Civ. P. 23(g)(1)(C)(iii); Fed. R. Civ. P. 23(h); *cf.* Fed. R. Civ. P. 23(e)(1)-(2) (dealing with

approval of terms of settlement). *See also In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp.

1296 (E.D.N.Y. 1985). While the settlement in the instant action is in the nature of a private

agreement between individual plaintiffs and defendants, it has many of the characteristics of a



class action and may be properly characterized as a quasi-class action, subject to general equitable powers of the courts. *See* Fed. R. Civ. P. 23(g)(C)(iii); Fed. R. Civ. P. 23(h); Fed. R. Civ. P. 1 ("just . . . determination of every action"); *cf.* Fed. R. Civ. P. 23(e)(1)(2) (dealing with approval of terms of settlement). The large number of plaintiffs subject to the same settlement matrix approved by the court, the utilization of special masters approved by the court to control discovery and assist in and administer settlement, and the order of the court for a huge escrow arrangement and other interventions by the court reflect a degree of control requiring exercise by the court of fiduciary standards to ensure fair treatment to all parties and counsel regarding fees. *See In re Joint Eastern and Southern District Asbestos Litig.*, 129 B.R. 710, 863-69 (E.D.N.Y. 1991).

Public perceptions of the fairness of the judicial process in handling mass torts—and particularly those involving pharmaceuticals with potential widespread health consequences—are a significant aspect of these complex national litigations involving thousands of parties. These considerations are enhanced where, as here, the Judicial Panel on Multidistrict Litigation has assembled all related federal cases "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407.

The court has already considered other fiduciary and ethical aspects of the case. *See, e.g.*, Transcript of hearing held on November 9, 2005 (Docket. No. 305); Transcript of hearing held on December 13, 2005 (Docket No. 324).

SO ORDERED.

Jack. B. Weinstein

Dated: January 3, 2006
Brooklyn, New York